IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| EMMETT LOCKHART, | : CIVIL ACTION NO. 3:06-CV-1291 |
| Petitioner | : (Judge Conner) |
| v. | : |
| GEORGE N. PATRICK, *et al.*, | : |
| Respondents | : |

**MEMORANDUM**

This is a habeas corpus action filed pursuant to 28 U.S.C. § 2254 in which petitioner, Emmett Lockhart, was denied habeas corpus relief in 2014 by our late colleague, United States District Judge A. Richard Caputo. Lockhart has moved for relief from judgment pursuant to Hazel-Atlas Glass Co. v. Hartford-Empire Co., 322 U.S. 238 (1944). The motion will be denied.

**I.      Factual Background & Procedural History**

Lockhart was convicted in 2001 in the Cumberland County Court of Common Pleas of first-degree murder, kidnapping, arson, robbery, abuse of a corpse, and criminal conspiracy. See Commonwealth v. Lockhart, No. CP-21-CR-0001591-2000 (Cumberland Cnty. Ct. of Com. Pl. filed July 27, 2000). He was sentenced to life in prison without the possibility of parole on the murder conviction and a concurrent sentence of 10-20 years' imprisonment on the other counts. Id. Lockhart appealed to the Pennsylvania Superior Court, which affirmed the judgment of sentence on October 7, 2003. Commonwealth v. Lockhart, 839 A.2d 1157 (Pa. Super. Ct. Oct. 7, 2003). He filed a petition for allowance of appeal to the Pennsylvania Supreme

Court, which was denied on August 1, 2005. Commonwealth v. Lockhart, 880 A.2d 1237 (Pa. Aug. 1, 2005).

Lockhart filed a collateral challenge to his conviction pursuant to Pennsylvania's Post-Conviction Relief Act ("PCRA") on October 18, 2004. See (Doc. 42 at 18); Lockhart v. Patrick, No. 06-CV-1291, 2014 WL 4231233, at *9 (M.D. Pa. Aug. 26, 2014). The court of common pleas denied the petition on January 13, 2005, and Lockhart's attempts to appeal were unsuccessful. See id.; Commonwealth v. Lockhart, No. 110 MDA 2015, 2015 WL 8484564, at *1 (Pa. Super. Ct. Dec. 7, 2015).

Lockhart filed his habeas corpus petition in this case on June 20, 2006, and the court received and docketed it on June 29, 2006. (Doc. 1). Judge Caputo denied the petition on August 26, 2014. See (Docs. 42-43); Lockhart, 2014 WL 4231233, at *29. Lockhart moved for a certificate of appealability, which our court of appeals denied on July 1, 2015. See (Doc. 48); Lockhart v. Superintendent Houtzdale SCI, No. 14-4081, 2015 WL 13895987, at *1 (3d Cir. July 1, 2015).

On May 18, 2014, Lockhart filed a second PCRA petition, seeking to assert claims based on a newly discovered witness whose testimony purportedly would have contradicted the testimony of a witness against Lockhart, his co-defendant, Dontae Chambers. Lockhart, 2015 WL 8484564, at *1. The court of common pleas denied the PCRA petition on December 18, 2014. Id. Lockhart appealed to the Pennsylvania Superior Court, which affirmed on December 7, 2015. Id. at *6.

On November 25, 2016, Lockhart filed an application for leave to file a second or successive habeas corpus petition with the United States Court of Appeals for the Third Circuit, seeking to bring new habeas corpus claims based on the testimony of

2

the newly discovered witness.  See In re Emmett Lockhart, No. 16-4173 (3d Cir. filed Nov. 25, 2016).  The court denied the application on January 13, 2017.  Id.

On November 25, 2019, Lockhart attempted to file a second or successive habeas corpus petition in this district based on the new witness's testimony.  See Lockhart v. Smith, No. 3:19-CV-2034, 2021 WL 674239, at *3 (M.D. Pa. Feb. 22, 2021). United States District Judge Jennifer P. Wilson dismissed the petition on February 22, 2021 based on the Third Circuit's denial of leave to file a second or successive petition.  Id. at *4.

Lockhart filed the instant motion for relief from judgment on August 25, 2023, seeking to vacate Judge Caputo's 2014 denial of his first habeas corpus petition. (Doc. 50).  Lockhart asserts that relief from judgment is appropriate because the prosecutor committed a fraud on the trial court by eliciting false testimony from Chambers.  (Id. at 20-22).

## II.  Legal Standard

Lockhart's motion seeks to vacate the previous denial of his habeas corpus petition based on fraud on the court.  Although motions for relief from judgment are ordinarily governed by Federal Rule of Civil Procedure 60, that rule "does not limit a court's power to . . . set aside a judgment for fraud on the court."  FED. R. CIV. P. 60(d)(3).  A motion "alleging fraud upon the court is completely distinct from a motion under Rule 60(b)."  Herring v. United States, 424 F.3d 384, 389 (3d Cir. 2005).

Motions to vacate a judgment based on fraud on the court are governed by Hazel-Atlas, 322 U.S. at 238, and its progeny.  To vacate a judgment based on fraud on the court, a movant must establish: "(1) an intentional fraud; (2) by an officer of

3

the court; (3) which is directed at the court itself; and (4) in fact deceives the court." Herring, 424 F.3d at 386, 390. The allegation of fraud "must be supported by clear, unequivocal and convincing evidence," and may only be sufficient to set aside a judgment if the fraud alleged amounts to "egregious misconduct." Id. at 387, 390. The burden to set aside a judgment based on fraud on the court "must be not just a high hurdle to climb but a steep cliff-face to scale." Id. at 386.

### III. Discussion

We will deny Lockhart's motion for relief from judgment. The motion seeks to vacate the court's judgment based on fraud allegedly perpetrated on the trial court by the prosecutor. (See Doc. 50 at 20-22). As multiple panels of the court of appeals and courts in this district have noted, fraud allegedly committed in proceedings before the trial court is not a proper basis for a federal court to vacate the denial of a habeas corpus petition. See Reardon v. Leason, 465 F. App'x 208, 210 (3d Cir. 2012) (nonprecedential); United States v. Bush, 457 F. App'x 94, 96 (3d Cir. 2012) (nonprecedential); Wells v. King, 340 F. App'x 57, 58 (3d Cir. 2009) (nonprecedential);[1] Cramer v. Superintendent SCI Coal Twp., No. 1:18-CV-396, 2018 WL 4507600, at *3 & n.2 (M.D. Pa. Sept. 19, 2018); Box v. Petsock, No. 3:86-CV-1704, 2014 WL 4093248, at *13 (M.D. Pa. Aug. 18, 2014).

We agree with the *ratio decidendi* of these courts. A motion for relief from judgment in a federal habeas corpus case cannot be used "to allege fraud upon the

---

[1] The court acknowledges that nonprecedential decisions are not binding upon federal district courts. Citations to nonprecedential decisions reflect that the court has carefully considered and is persuaded by the panel's *ratio decidendi*.

4

state court in the underlying criminal proceeding." <u>Reardon</u>, 465 F. App'x at 210. A claim that a petitioner's original trial "was polluted by fraud" is a "clear attack on his original conviction." <u>Bush</u>, 457 F. App'x at 96. To bring such a claim, a petitioner must obtain leave from the court of appeals to file a second or successive habeas corpus petition rather than moving for relief from judgment in his original habeas corpus proceeding. See <u>Wells</u>, 340 F. App'x 57 58 n.5; <u>Cramer</u>, 2018 WL 4507600, at *3. We will accordingly deny Lockhart's motion for relief from judgment because his allegation of fraud on the state court is not a proper basis for this court to vacate the denial of his habeas corpus petition.

## IV.    Conclusion

We will deny Lockhart's motion for relief from judgment. An appropriate order shall issue.

/S/ CHRISTOPHER C. CONNER
Christopher C. Conner
United States District Judge
Middle District of Pennsylvania

Dated:    October 18, 2023